

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2007

# Hermanus v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5243

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hermanus v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1748.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1748

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 05-5243

———————

LINDA HERMANUS;
JEREMY CHRISTIANO SUMANTI,
Petitioners

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
Nos. A95-870-306 and A95-870-307
Immigration Judge:  Hon. Charles M. Honeyman

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2007

BEFORE:  McKEE, AMBRO and STAPLETON, Circuit Judges

(Opinion Filed:   January 24, 2007)

———————

STAPLETON, Circuit Judge:

Petitioner Linda Hermanus and her son are natives and citizens of Indonesia. They here petition for review of an order of the Board of Immigration Appeals ("BIA") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioners are ethnic Chinese Christians and maintain that they have been persecuted in Indonesia because of their religion and ethnicity.

The Immigration Judge ("IJ") found Hermanus' testimony "credible." App. at 26. She testified to the following: Hermanus is a lifetime resident of the Menado section of Indonesia where she is a successful professional architect. She does not claim that Christians, who comprise 80% of the population of Menado, have had any problems practicing their religion there and indicates that most Christians in Menado are ethnic Chinese and do not currently have serious problems. She fears, however, that the killings of Chinese Christians elsewhere in Indonesia will eventually spread to Menado. Neither she nor her Chinese Christian husband, who is a pastor of his church, have experienced serious problems in Menado in the past. The only personal harm Hermanus could cite as resulting from her religion and ethnicity were two occasions when a church-related organization of which she was a member was unable to lease space it wanted, and when

her business was unable to successfully compete for large government contracts.

Based on this testimony, the IJ found that no "actions taken against [Hermanus] in the past would rise to the level of past persecution." App. at 26. The IJ then concluded that "the core of [her] claim [was] that a situation which has never occurred in the past in Menado may indeed occur in the future leading [sic] her to be an individual . . . who faces a reasonable possibility of future persecution on account of her race and/or religion. . . ." App. at 28. While the IJ acknowledged that Hermanus might well have subjective concerns about the future should she return to Indonesia, after carefully reviewing the record regarding country conditions and conditions in Menado, he ultimately concluded that Hermanus had "not proven by a preponderance of the evidence that she faces a reasonable possibility of harm rising to the level of persecution . . . on account of a statutory ground if she were to return to Indonesia." App. at 32. The IJ then noted that "it necessarily follow[ed] that the clear probability standard for withholding of removal had not been met as well." *Id*. Finally, the IJ found that Hermanus had not shown it more likely than not that she would be tortured on her return. There is ample record support for these conclusions.

We will deny the petition for review essentially for the reasons set forth in the thorough and sensitive opinion of the IJ which was affirmed without opinion by the BIA.